In re BRIDGE INFORMATION
SYSTEMS, INC., Debtor.

Scott P. Peltz, Plan Administrator,
Plaintiff,

v.

Hyatt Regency Beaver
Creek, Defendant.

Bankruptcy No. 01–41593–293.
Adversary No. 03–4142–293.

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

Aug. 26, 2003.

Lauren D. Reeves, Reinert and Rourke, St. Louis, MO, for Hyatt Regency Beaver Creek.

Lawrence R. Drumm, Tishler & Wald, Chicago, IL, for Scott P. Peltz.

Mark L. Prager, Michael J. Small, Peter E. Pinnow, Foley and Lardner, David B. Goroff, Chicago, IL, Michael A. Becker, Spencer, Fane, Britt & Browne, Clayton, MO, for Unsecured Creditors Committee, Creditor Committee.

Peter Lumaghi, Office of U.S. Trustee, St. Louis, MO, U.S. Trustee.

Thomas J. Moloney, New York City, Gregory D. Willard, St. Louis, MO, for Bridge Information Systems, Inc., aka Global Financial Information Corporation, aka Bridge Holdings, Inc.

## MEMORANDUM OPINION

DAVID P. MCDONALD, Bankruptcy Judge.

This adversary proceeding is before the Court on the motion of Hyatt Regency of Beaver Creek ("Hyatt") for summary

judgment under Fed.R.Civ.P. 56, made applicable to this proceeding by Bankr.R. 7056. Hyatt argues that summary judgment is appropriate because there are no material facts in dispute so that it is entitled to judgment as a matter of law on its ordinary course defense under 11 U.S.C. § 547(c)(2). Because Hyatt has failed to submit any evidence as to whether the alleged preferential transfer was made according to ordinary business terms under § 547(c)(2)(C), the Court will deny its motion.

### JURISDICTION AND VENUE

This Court has jurisdiction over the parties and subject matter of this proceeding under 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. § 157(b)(2)(F), which the Court may hear and determine. Venue is proper in this District under 28 U.S.C. § 1409(a).

### FACTUAL AND PROCEDURAL BACKGROUND

Scott Peltz, Plan Administrator for Reorganized Debtors ("Plan Administrator")[1], brought the instant adversary action against Hyatt seeking to avoid as a preferential transfer under § 547(b) a single payment of $9,794.57 (the "Payment") that one of the debtors, Wall Street on Demand ("Wall Street"), made to Hyatt. Plan Administrator is also attempting to recover the Payment from Hyatt under § 550(a)(1).

The following facts are undisputed.[2] Wall Street and Hyatt entered into an agreement dated September 29, 2000 under which Wall Street agreed to hold a conference at the Hyatt Hotel in Beaver Creek, Colorado from October 10 through October 13, 2000 (the "Agreement"). Under the terms of the Agreement, Wall Street agreed to remit payment to Hyatt within thirty days of the invoice date. (Hyatt's Motion for Summary Judgement ¶ 8).

Hyatt sent an invoice dated October 24, 2000 in the amount of $9,794.87 to Wall Street for charges Wall Street incurred during the conference under the terms of the Agreement. (Henry Affidavit ¶ 7). Pursuant to the terms of the Agreement, Wall Street remitted payment to Hyatt by a check dated November 22, 2000. (Henry Affidavit ¶ 8).

Plan Administrator filed the instant adversary on February 10, 2003 seeking to avoid the Payment to Hyatt as a preferential transfer under § 547(b). Hyatt countered by arguing that even if the Payment was preferential under § 547(b), Plan Administrator could not avoid the Payment because Wall Street made the Payment to Hyatt in the ordinary course of business under § 547(c)(2).

Hyatt filed this Motion for Summary Judgment on May 23, 2003. Pursuant to Rule 56(e), Hyatt submitted the affidavit of Janette Henry in support of its Motion for Summary Judgment. Hyatt argues in its motion that it is entitled to summary judgment because there are no material facts in dispute so that it is entitled to judgment as a matter of law on its ordinary course defense under § 547(c)(2). Because Hyatt

---

1. Pursuant to Debtors' Joint Plan of Liquidation, confirmed by this Court on February 13, 2002, Plan Administrator has the exclusive authority to prosecute all claims under § 547 on behalf of the various Debtors' estates.

2. The Court notes that because Peltz has failed to submit a response to Hyatt's motion, the Court will accept all the factual allegations contained in the motion and the supporting affidavit as true. *See Jackson v. Arkansas Dept. of Educ.*, 272 F.3d 1020, 1027–28 (8th Cir.2001).

has not proffered any evidence that the payment in question was made according to ordinary business terms under § 547(c)(2)(C), the Court will deny Hyatt's motion.

## DISCUSSION

*1. The Statutory Elements of the Ordinary Course Defense under § 547(c)(2).*

Summary judgment is appropriate under Rule 56 if the record, viewed in the light most favorable to the non-movant, reveals that there are no material facts in dispute so that the movant is entitled to judgment as a matter of law. *Dixon v. Lowery,* 302 F.3d 857, 861 (8th Cir.2002).

▪ Section 547(c)(2) provides that a debtor-in-possession or trustee may not avoid a preferential transfer to the extent that the transfer was: (A) in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee; (B) made in the ordinary course of business or financial affairs of the debtor and the transferee; and (C) made according to ordinary business terms. The transferee must prove each of the three statutory elements by preponderance of the evidence. *Official Plan Comm. v. Expeditors Int'l of Washington (In re Gateway Pacific Corp.),* 214 B.R. 870, 874 (8th Cir. BAP 1997) *aff'd.* 153 F.3d 915 (8th Cir.1998).

▪ Each of the three elements of the ordinary course of business defense under § 547(c)(2) is separate and distinct from the other two and the transferee has the burden of proving each element independently from the other two. *Jones v. United Sav. & Loan Assn. (In re U.S.A. Inns),* 9 F.3d 680, 684 (8th Cir.1993); *Central Hardware Co. v. Walker–Williams Lumber Co. (In re Spirit Holding Co., Inc.),* 214 B.R. 891, 897 (E.D.Mo.1997) *aff'd.* 153 F.3d 902 (8th Cir.1998). Accordingly, to

prevail in its motion for summary judgment, Hyatt must produce sufficient evidence to establish that there are no material facts in dispute as to any of the three statutory elements of § 547(c)(2).

*2. Hyatt Failed to Produce Evidence that the Payment was Objectively Ordinary under § 547(c)(2)(C).*

Hyatt argues that because Plan Administrator does not dispute that the timing of the Payment was within the terms of the Agreement, it is entitled to judgment as a matter of law under § 547(c)(2). The Court agrees that this fact is highly probative with respect to the subjective element of the defense contained in § 547(c)(2)(B). This fact, however, is not probative with respect to the objective analysis of § 547(c)(2)(C).

▪ Section 547(c)(2)(B) requires the transferee to demonstrate that the transfer in question was subjectively ordinary between it and the debtor. *Gateway Pacific Corp.,* 214 B.R. at 874. Generally, the determination of whether the transfer was subjectively ordinary as between the debtor and the transferee under § 547(c)(2)(B) turns on the consistency between the timing and method of the debtor's payments to the transferee prior to the preference period and the timing and method of the payments within the preference period. *Central Hardware Co. v. Sherwin–Williams Co. (In re Spirit Holding Co.),* 153 F.3d 902, 904 (8th Cir.1998). When there is no payment history between the debtor and the transferee, however, the fact that the payment in question was within the terms of an arms length agreement between the debtor and the transferee is central to the subjective analysis under § 547(c)(2)(B).[3] *Tomlins v. BRW*

---

**3.** A minority of courts have articulated a *per*  *se* rule that a single payment to a transferee

*Paper Co, Inc. (In re Tulsa Litho Co.)*, 229 B.R. 806, 809 (10th Cir. BAP 1999); *Bohm v. Golden Knitting Mills, Inc. (In re Forman Enterprises, Inc.)*, 293 B.R. 848, 857–58 (Bankr.W.D.Pa.2003).

Here, there is no prior payment history between Wall Street and Hyatt to examine in determining whether the Payment was subjectively ordinary between the two parties. Thus, the fact that the timing of the Payment was within the terms of the Agreement is highly probative of whether it was subjectively ordinary between Wall Street and Hyatt under § 547(c)(2)(B).

Although the fact Hyatt made the Payment according to the terms of the Agreement is central to the analysis under § 547(c)(2)(B), it is irrelevant to the analysis under § 547(c)(2)(C). While the analysis under § 547(c)(2)(B) focuses on whether the transfer was subjectively ordinary between the transferee and the debtor, the analysis under § 547(c)(2)(C) focuses on whether the transfer was objectively ordinary with respect to other similar transactions within the debtor's industry.

Specifically, in order for the transferee to demonstrate that the transfer was made according to ordinary business terms under § 547(c)(2)(C), the transferee must adduce evidence that the transfer was objectively ordinary in relation to the standards prevailing in the relevant industry. *In re U.S.A. Inns*, 9 F.3d 680 at 684. Accordingly, the transferee must produce evidence that establishes the prevailing practices utilized by members of relevant industry when engaging in transactions that are similar to the challenged transfer. *Id.* The transferee, however, need not establish a single uniform industry practice, but rather need only demonstrate that the terms of the transaction in question fit within the range of terms that encompasses the practices within the relevant industry. *Id.*

Here, Hyatt failed to produce any evidence as to what are the prevailing industry standards concerning this type of transaction and whether the Payment falls within the range of those standards. Both the motion and the supporting affidavit of Janette Henry only assert that Wall Street made the Payment within the terms of the Agreement. There is simply no evidence in the record at this point as to whether Hyatt's remission of the Payment fits within the range of terms that encompasses the business practices within the hotel or convention industry. Therefore, Hyatt has failed to meet its burden of demonstrating that the Payment was objectively ordinary under § 547(c)(2)(C). Thus, Hyatt is not entitled to judgment as a matter of law on its ordinary course defense under § 547(c)(2).

## CONCLUSION

Hyatt's Motion for Summary Judgment and the supporting affidavit only contain evidence that Wall Street remitted the Payment to Hyatt within the terms of the Agreement. Although this fact is key to the subjective analysis of § 547(c)(2)(B), it is not probative of the objective analysis under § 547(c)(2)(C). Therefore, Hyatt has failed to demonstrate that it is entitled to judgment as a matter of law on its ordinary course of business defense under

---

can never be subjectively ordinary between the debtor and the transferee under § 547(c)(2)(B). *See e.g. Miller v. Kibler (In re Winters)*, 182 B.R. 26, 28 (Bankr.E.D.Ky. 1995). This wooden rule, however, undermines the policy goal of § 547(c)(2)(B), which is to leave normal business practices between the parties undisturbed. *See Bohm v. Knitting (In re Forman Enterprises)*, 293 B.R. 848, 857 (Bankr.W.D.Pa.2003). Accordingly, the Court will follow the majority position.

§ 547(c)(2). Thus, the Court will deny Hyatt's Motion for Summary Judgment.

An Order consistent with this Memorandum Opinion will be entered this date.